NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL (Cal. Bar No. 116039)
AMANDA M. BETTINELLI (Cal. Bar No. 233927)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2484/0470___
    E-mail:  dennis.mitchell@usdoj.gov
           amanda.bettinelli@usdojgov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

9/11/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___ jb ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR    8:20CR00128-DSF |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LQNN, INC. |
|         v. | |
| LQNN, INC., | |
|     Defendant. | |

    1.    This constitutes the plea agreement between LQNN, INC. ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

    2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines

that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 21 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 23 and 24 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to an eight-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with sale and offer for sale and transport and offer for transport of uninspected meat food products, in violation of 21 U.S.C. §§ 610(c), 676(a), and with sale and offer for sale and transport and offer for transport of uninspected poultry products, in violation of 21 U.S.C. §§ 458(a), 461(a).

b.   Not contest facts agreed to in this agreement.

2

c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 15 of this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

                    THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 15 of this agreement.

                    CORPORATE AUTHORIZATION

5. Defendant represents that it is authorized to enter into this agreement. On or before the change of plea hearing pursuant to this agreement, defendant shall provide the USAO and file with the Court a notarized legal document certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement. Such legal document(s) shall designate a company

3

representative who is authorized, and shall also state that all legal formalities for such authorizations have been observed.

### ORGANIZATIONAL CHANGES AND APPLICABILITY

6.   This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assume the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation and Pretrial Services office with reasonably prompt notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement.  No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

### NATURE OF THE OFFENSES

7.   Defendant understands that for defendant to be guilty of the crimes charged in counts one through three, that is, sale and offer for sale and transport and offer for transport of uninspected meat food products, in violation of Title 21, United States Code, Sections 610(c), 676(a) the following must be true: Defendant knowingly sold or transported, or offer for sale or transportation, in commerce, a meat food product that was required to be federally inspected but was not so inspected at the time of such sale, transportation, or offer for sale or transportation.

8.   Defendant understands that for defendant to be guilty of the crimes charged in counts four through eight, that is, sale and offer for sale and transport and offer for transport of uninspected poultry products, in violation of Title 21, United States Code, Sections 458(a), 461(a), the following must be true: Defendant knowingly sold or transported, or offer for sale or transportation, in commerce, a poultry product that was required to be federally inspected but was not so inspected at the time of such sale, transportation, or offer for sale or transportation.

PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Sections 610(c), 676(a), is: a five year period of probation, a fine of $200,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.  Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Sections 458(a), 461(a), is: a five year period of probation, a fine of $200,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: a five-year period of probation, a fine of $1,600,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $1,000.

SUSPENSION, REVOCATION, AND DEBARMENT

11.  Defendant understands that if defendant holds any regulatory licenses or permits, the conviction in this case may result in the suspension or revocation of those licenses and permits. The government makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof.  Suspension and debarment of organizations convicted under various federal criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.  Defendant understands that unanticipated collateral consequences such as this will not serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

During the period alleged in the information, defendant was a corporation located in Orange County, within the Central District of California that prepared, processed, sold, offered for sale, transported, and offered for transportation, various meat food and poultry products.

During the time period alleged in the information, defendant would order several different ingredients intended for human

consumption, including meat and poultry, process those ingredients into various food products and then sell and transport those products to various restaurants outside the state of California.  These restaurants operated under the brand name, "Lee's Sandwiches."

Defendant purchased frozen ground pork from Lee Brothers Food Service, Inc. (hereafter "Lee Bros. FSI"), and would use that pork to process and prepare pork pate chaud at its Garden Grove, California distribution facility.  Because it prepared and processed frozen ground pork to make a pork pate chaud product, defendant was required to have a federal grant of inspection in order to sell or transport, or offer for sale or transport, that meat food product. Nevertheless, on or about each of the dates below, defendant knowingly sold and transported or willfully caused the sale and transportation of, to the following locations, a meat food product, namely, pork pate chaud, which was processed by defendant, without that meat food product being subject to federal inspections, as required.

| DATE | LOCATION |
|------|----------|
| May 4, 2015 | Portland, Oregon |
| May 5, 2015 | Oklahoma City, Oklahoma |
| May 11, 2015 | Portland, Oregon |

Defendant also ordered frozen ground chicken from a vendor that was processed to make chicken pate chaud.  Defendant's production department would thaw out the chicken and then process it to make chicken pate chaud.  Defendant would also purchase eggs and would process that ingredient at its Garden Grove facility to make a

1  steamed bun with quail egg.

2      Because it processed poultry ingredients, such as eggs, to make

3  steamed bun with quail egg, and chicken, to make chicken pate chaud,

4  defendant was required to have a federal grant of inspection in order

5  to sell or transport, or offer for sale or transport, those poultry

6  products.  Nevertheless, on or about the dates below, defendant

7  knowingly sold and transported, or willfully caused the sale and

8  transportation of, to the following locations, the following poultry

9  products listed below, without those poultry products being subject

10  to federal inspection, as required.

| DATE | POULTRY PRODUCT | LOCATION |
| --- | --- | --- |
| May 4, 2015 | Chicken Pate Chaud | Portland, Oregon |
| May 4, 2015 | Steamed Bun with Quail Egg | Portland, Oregon |
| May 5, 2015 | Chicken Pate Chaud | Oklahoma City, Oklahoma |
| May 11, 2015 | Chicken Pate Chaud | Portland, Oregon |
| May 11, 2015 | Steamed Bun with Quail Egg | Portland, Oregon |

18      In addition to the above products, defendant would process or

19  cut other poultry or meat ingredients, such as turkey breast and

20  salami, without federal inspection and would then pack, sell and

21  transport those products to restaurants outside the state of

22  California.  Meat food and poultry products intended for human

23  consumption that are prepared and processed for sale in commerce are

24  inspected by Food Safety and Inspection Service inspectors to ensure

25  wholesomeness.

26                SENTENCING FACTORS AND AGREED-UPON SENTENCE

27      13.  Defendant and the USAO agree and stipulate that, pursuant

28  to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and

8C2.10, the Sentencing Guidelines are not applicable in determining the fine for an organization violating statutes charged in counts one through eight, but that all other sections of Chapter 8 of the U.S.S.G. are applicable in this case, including the provisions regarding probation and restitution. Defendant understands that in determining defendant's sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant agrees that at the time of sentencing the Court may consider any uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departures from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

14. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

15. Defendant and the USAO agree that, taking into account the sentencing guideline factors set forth in Sections 8D1.1 and 8D1.2, and the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the Court impose the following sentence:

      a. <u>Probation</u>: Defendant shall be sentenced to a four-year term of probation with conditions to be fixed by the Court. As additional conditions of probation: (1) Defendant shall not engage in any activity which constitutes the preparation, processing, or manufacturing of any meat food product or poultry product, and (2), on the payment dates set forth in paragraph 15(b), defendant's chief executive officer or chief operating officer shall provide the USAO

and the U.S. Probation Officer with a written certification that defendant has not engaged in any activity which constitutes the preparation, processing, or manufacturing of any meat food product or poultry product.

b.   Criminal Fine: Defendant shall pay a criminal fine of $250,000.  The criminal fine shall be paid as follows: (1) $62,500 within two weeks of the date the sentence is imposed; (2) $62,500 on or before November 1, 2021; $62,500 on or before November 1, 2022; and $62,500 on or before November 1, 2023.

c.   Special Assessment:  Defendant shall pay a total special assessment of $1,000 as ordered by the Court.

## WAIVER OF CONSTITUTIONAL RIGHTS

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel at trial and at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes the sentence specified in paragraph 15 above, defendant gives up the right to appeal any portion of that sentence.

19.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 15 above, the USAO gives up its right to appeal any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action

11

1   that was either dismissed or not filed as a result of this agreement,
2   then (i) any applicable statute of limitations will be tolled between
3   the date of defendant's signing of this agreement and the filing
4   commencing any such action; and (ii) defendant waives and gives up
5   all defenses based on the statute of limitations, any claim of pre-
6   indictment delay, or any speedy trial claim with respect to any such
7   action, except to the extent that such defenses existed as of the
8   date of defendant's signing this agreement.

9                      EFFECTIVE DATE OF AGREEMENT

10       21.  This agreement is effective upon signature and execution of
11  all required certifications by defendant, defendant's counsel, and an
12  Assistant United States Attorney.

13                      BREACH OF AGREEMENT

14       22.  Defendant agrees that if defendant, at any time after the
15  signature of this agreement and execution of all required
16  certifications by defendant, defendant's counsel, and an Assistant
17  United States Attorney, knowingly violates or fails to perform any of
18  defendant's obligations under this agreement ("a breach"), the USAO
19  may declare this agreement breached.  All of defendant's obligations
20  are material, a single breach of this agreement is sufficient for the
21  USAO to declare a breach, and defendant shall not be deemed to have
22  cured a breach without the express agreement of the USAO in writing.
23  If the USAO declares this agreement breached, and the Court finds
24  such a breach to have occurred, then: (a) if defendant has previously
25  entered guilty pleas pursuant to this agreement, defendant will not
26  be able to withdraw the guilty pleas, (b) the USAO will be relieved
27  of all its obligations under this agreement, and (c) the Court's
28  failure to follow any recommendation or request regarding sentence

set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge [ or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

24.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentence referenced in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

1    NO ADDITIONAL AGREEMENTS

2        26.   Defendant understands that, except as set forth herein,

3    there are no promises, understandings, or agreements between the USAO

4    and defendant or defendant's attorney, and that no additional

5    promise, understanding, or agreement may be entered into unless in a

6    writing signed by all parties or on the record in court.

7        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8        27.   The parties agree that this agreement will be considered

9    part of the record of defendant's guilty plea hearing as if the

10   entire agreement had been read into the record of the proceeding.

11   AGREED AND ACCEPTED

12   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
13   CALIFORNIA

14   NICOLA T. HANNA
     United States Attorney

15

16   _____        _____
     DENNIS MITCHEL                            Date
17   AMANDA M. BETTINELLI
     Assistant United States Attorneys
18

19   _____        _____
                                              9/2/2020
20   LQNN, INC.                                Date
     Defendant
21
     By: _Lien Ngoc Quach_
22

23   Its: _General Manager_

24

25                                            9.2.2020
     _____        _____
26   JOSHUA M. ROBBINS                         Date
     Attorney for Defendant LQNN, INC.
27

28

                              15

NO ADDITIONAL AGREEMENTS

26.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY"S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

/s/

_____               Date: September 3, 2020
DENNIS MITCHELL
AMANDA M. BETTINELLI
Assistant United States Attorneys


_____               _____


_____               _____
LQNN, INC.                              Date
Defendant

By: _____


Its:_____


_____               _____
JOSHUA M. ROBBINS                       Date
Attorney for Defendant LQNN, INC.

15

1                        CERTIFICATION OF DEFENDANT

2        This agreement has been read to me in *English*, the

3 language I understand best.  I have had enough time to review and

4 consider this agreement, and I have carefully and thoroughly

5 discussed every part of it with defendant's attorney.  As the

6 authorized representative of defendant, I understand the terms of

7 this agreement, and I voluntarily agree to those terms.  I have

8 discussed the evidence with defendant's attorney, and defendant's

9 attorney has advised me of defendant's rights, of possible pretrial

10 motions that might be filed, of possible defenses that might be

11 asserted either prior to or at trial, of the sentencing factors set

12 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

13 provisions, and of the consequences of entering into this agreement.

14 No promises, inducements, or representations of any kind have been

15 made to me as defendant's authorized representative other than those

16 contained in this agreement.  No one has threatened or forced me in

17 any way to enter into this agreement on behalf of defendant.  I am

18 satisfied with the representation of defendant's attorney in this

19 matter, and I am pleading guilty on behalf of defendant because

20 defendant is guilty of the charges and wishes to take advantage of

21 the promises set forth in this agreement, and not for any other

22 reason.

23

24 LQNN, INC.                           9/2/2020
    By: *Lien Ngoc Quach*        Date

25 Its: *General Manager*

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF INTERPRETER

I, _____, am fluent in the written and spoken English and _____ languages. I accurately translated this entire agreement from English into _____ to _____ on this date.

_____    _____
INTERPRETER                          Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LQNN Inc.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____    9.2.2020
JOSHUA M. ROBBINS                    Date
Attorney for Defendant LQNN, INC.

17

**EXHIBIT A**

EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>LQNN, INC.,<br><br>          Defendant. | CR No.<br><br>I N F O R M A T I O N<br><br>[21 U.S.C. §§ 610(c)(2), 676(a):<br>Sale and Offer for Sale and<br>Transport and Offer for Transport<br>of Uninspected Meat Food Products;<br>21 U.S.C. §§ 458(a)(2)(B), 461(a):<br>Sale and Offer for Sale and<br>Transport and Offer for Transport<br>of Uninspected Poultry Products]<br><br>[CLASS A MISDEMEANORS] |

The United States Attorney charges:

COUNTS ONE THROUGH THREE

[21 U.S.C. §§ 610(c)(2), 676(a); 18 U.S.C. § 2(b)]

On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendant LQNN, INC. knowingly_sold and transported, offered for sale and transportation, and willfully caused the sale and transportation of and the offering for sale and transportation of, to the following locations, in commerce, a meat food product, namely, pork pate chaud, which was

processed by defendant LQNN, INC. without the necessary federal

inspection:

| COUNT | DATE | LOCATION |
|-------|------|----------|
| ONE | May 4, 2015 | Portland, Oregon |
| TWO | May 5, 2015 | Oklahoma City, Oklahoma |
| THREE | May 11, 2015 | Portland, Oregon |

COUNTS FOUR THROUGH EIGHT

[21 U.S.C. §§ 458(a)(2)(B), 461(a); 18 U.S.C. § 2(b)]

On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendant LQNN, INC. knowingly sold and transported, offered for sale and transportation, and willfully caused the sale and transportation of and the offering for sale and transportation of, to the following locations, in commerce, the following poultry products, which were processed by defendant LQNN, INC., without the necessary federal inspections:

| COUNT | DATE | POULTRY PRODUCT | LOCATION |
|-------|------|-----------------|----------|
| FOUR | May 4, 2015 | Chicken Pate Chaud | Portland, Oregon |
| FIVE | May 4, 2015 | Steamed Bun with Quail Egg | Portland, Oregon |
| SIX | May 5, 2015 | Chicken Pate Chaud | Oklahoma City, Oklahoma |

| COUNT | DATE | POULTRY PRODUCT | LOCATION |
|-------|------|-----------------|----------|
| SEVEN | May 11, 2015 | Chicken Pate Chaud | Portland, Oregon |
| EIGHT | May 11, 2015 | Steamed Bun with Quail Egg | Portland, Oregon |

NICOLA T. HANNA
United States Attorney


BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

DENNIS MITCHELL
AMANDA M. BETTINELLI
Assistant United States Attorneys
Environmental and Community
Safety Crimes Section

4

**CERTIFICATE OF SERVICE**

    I, **Mercedes Romero**, declare:

    That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

    That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☒ Via email, as follows:

☐ By Federal Express, as follows:

**jrobbins@buchalter.com**

This Certificate is executed on **September 10, 2020**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Mercedes Romero*
_____
Mercedes Romero
Legal Assistant